IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TODD STURGILL                                                                    PLAINTIFF

        v.        Civil No. 05-5106

UNITED PARCEL SERVICE, INC.                                        DEFENDANT

**O R D E R**

Now on this 11th day of September, 2006, comes on to be considered plaintiff's **Motion for Reinstatement and Equitable Relief (Doc. 59)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. Plaintiff, Todd Sturgill ("Sturgill" or "plaintiff"), instituted this action against the defendant -- his former employer, United Parcel Service, Inc. ("UPS" or "defendant") -- under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff alleged that defendant denied him a reasonable accommodation for his religious observation of the Sabbath and discriminated against him on the basis of his religion by terminating his employment.

2. The case proceeded to trial before a jury on June 26, 2006. On June 30, 2006, the jury returned a verdict finding against plaintiff on his religious discrimination claim, but finding in favor of plaintiff on his religious accommodation claim. The jury awarded plaintiff $103,722.25 in lost wages and benefits and $207,444.50 in punitive damages.

3. Plaintiff now moves for reinstatement, front pay from the date of the verdict to the date he is reinstated, and injunctive relief.

4. Title VII allows a court to choose from among a broad assortment of equitable remedies, including reinstatement, front-pay, and injunctive relief, when fashioning relief designed to make a prevailing plaintiff whole. *See* 42 U.S.C. § 2000e-5(g).

5. Defendant argues that, as a matter of law, plaintiff is not entitled to any equitable relief because he did not prevail on his religious-discrimination claim. Defendant cites Voeltz v. Arctic Cat, Inc., 406 F.3d 1047 (8th Cir. 2005) in support of its position.

In Voeltz, the jury found in favor of plaintiff on his failure to accommodate claim under the Americans with Disabilities Act. On plaintiff's disparate treatment claim, the jury found that plaintiff's disability was a motivating factor in the defendant's adverse employment action. However, it concluded that defendant would have made the same adverse employment decision regardless of plaintiff's disability. Based on those results, the district court awarded the plaintiff front-pay. The Eighth Circuit, however, reversed this award, finding that it was inconsistent with the jury's specific finding that plaintiff "would not have been working [for defendant] regardless of his disability." Id. at 1051-52.

The evidence at trial in the case at bar indicated that defendant terminated plaintiff for "job abandonment" because, before sunset on a Friday, plaintiff returned to the UPS facility without completing the delivery of his packages. There was no evidence indicating that plaintiff "abandoned" his job for any reason other than defendant's refusal to accommodate his religious beliefs -- and defendant does not contend that it had any reason other than the "abandonment" for terminating plaintiff. The jury found against plaintiff on his religious discrimination claim but in his favor on his religious accommodation claim. Unlike the jury in **Voeltz**, however, it made no specific finding which would suggest that it believed defendant had any reason to terminate plaintiff other than for the "abandonment" of his job or that plaintiff "abandoned" his job for any reason other than defendant's refusal to accommodate his religious beliefs.

As already noted, the jury found in favor of plaintiff on his failure-to-accommodate claim and awarded him $103,722.25 in lost wages and benefits resulting from his termination. Thus, while the jury found that plaintiff was terminated for job abandonment and not, per se, because of his religion, the only reason shown by the evidence for the "abandonment" was defendant's refusal to accommodate plaintiff's religious beliefs. The Court believes it can be reasonably inferred from this evidence (and that the jury obviously did so reasonably infer) that, had defendant accommodated

-3-

plaintiff's observance of the Sabbath, he would not have returned to the facility early without delivering all his packages (the "abandonment") and would not have been terminated for job abandonment. The Court thus sees no contradiction in the jury's findings and/or verdicts and therefore concludes that the present case is distinguishable from Voeltz. Accordingly, the Court rejects defendant's argument based upon **Voeltz**.

6. With regard to the types of equitable relief sought by plaintiff, he seeks reinstatement, with "all attendant seniority and benefits," to his "prior 'bid route'" or to a position as an unassigned package car delivery driver. (Doc. 60 at pg. 3.) Plaintiff also seeks front-pay from the date of the verdict to the date of his reinstatement, at the rate of $259.96 for each workday. Lastly, plaintiff seeks injunctive relief prohibiting UPS from failing to accommodate his religious observation of the Sabbath in the future.

Defendant does not address the *types* of equitable relief to which plaintiff may be entitled but simply argues, as discussed above, that plaintiff is not entitled to *any* equitable relief.

As the Court has rejected defendant's argument in this regard -- and as defendant has offered no other reason as to why plaintiff should not be awarded the relief he seeks, the Court will grant plaintiff's **Motion For Reinstatement and Equitable Relief (Doc. 59)** for the relief therein requested.

7. The Court will also enter a separate judgment contemporaneously herewith granting judgment to plaintiff on his religious accommodation claim as follows:

* awarding plaintiff $103,722.25 in lost wages and benefits and $207,444.50 in punitive damages;
* directing UPS to reinstate plaintiff, with all attendant seniority and benefits, to his prior bid route or to a position as an unassigned driver;
* directing UPS to pay plaintiff front-pay from the date of the verdict to the date of his reinstatement, at the rate of $259.96 for each workday; and
* enjoining UPS from failing to accommodate plaintiff's religious observation of the Sabbath in the future.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion for Reinstatement and Equitable Relief (Doc. 59)** be, and it hereby is, **granted** as stated therein and as discussed in this Order;

**IT IS FURTHER ORDERED** that a separate judgment shall be entered contemporaneously herewith granting judgment to plaintiff on his religious accommodation claim as set out above in this Order.

**IT IS SO ORDERED.**

**/S/JIMM LARRY HENDREN**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**